**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MATTHEW MULLIN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-00725-BP |
| | ) | |
| **LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**THE LINCOLN NATIONAL LIFE INSURANCE**
**COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this, its Answer to Plaintiff's Complaint (the "Complaint") [Dkt. 1] filed by Plaintiff, Matthew Mullin ("Plaintiff"), and states as follows:

**THE PARTIES**

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that it is a lawfully incorporated insurance company that lawfully conducts business in the State of Missouri. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA").

Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that it issued a Group Disability Income Policy (the "Policy") to Charter Communications, Inc. ("Charter"), which, at certain times, insured disability benefits from the Charter Communications, Inc. Long Term Disability Plan (the "LTD Plan") and the Charter Communications, Inc. Short Term Disability Plan (the "STD Plan") sponsored by Charter to provide long term disability and short term disability benefits to certain of its employees. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that venue is proper in this District and Division. Lincoln

denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that venue is proper in this District and Division. Lincoln denies the remaining allegations contained in Paragraph 7 of the Complaint.

INFORMATION REGARDING TRIAL

8. Lincoln admits the allegations contained in Paragraph 8 of the Complaint.

STATEMENT OF FACTS

9. Lincoln admits Plaintiff was, at certain times, employed by Charter as Field Technician II. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that certain documents concerning Plaintiff's job and occupation are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that certain documents concerning Plaintiff's occupation are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative

record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits Plaintiff's last day of work at Charter was on December 17, 2020. Lincoln admits that, at certain times, Plaintiff received benefits from the STD Plan. Lincoln admits Plaintiff submitted a claim for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that Charter sponsored the LTD Plan to provide disability benefits to certain of its employees. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits the allegations contained in Paragraph 15 of the Complaint.

16. To the extent that the allegations contained in Paragraph 16 seek to interpret the provisions of the relevant policy, Lincoln refers to the policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that Plaintiff was, at certain times, employed by Charter and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy, but Lincoln specifically denies that it was the LTD Plan administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that, at certain times, it was the claims administrator of claims

for benefits from the LTD Plan under the Policy and was delegated certain authority with regard to such claims by Charter as described in the Policy. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that it issued the Policy to Charter, which, at certain times, insured disability benefits from the LTD Plan. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits the allegations contained in Paragraph 21 of the Complaint.

22. To the extent that the allegations contained in Paragraph 22 seek to interpret the provisions of the relevant policy, Lincoln refers to the policy itself as the best evidence of its contents. Lincoln admits that the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that the Policy includes language pertaining to the definitions of "Main Duties" or "Material and Substantial Duties" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits it sent a letter to Plaintiff dated September 19, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits it sent a letter to Plaintiff dated September 19, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff and that communications concerning such medical treatment and complaints are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits it received a letter from Plaintiff's counsel dated September 23, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that, on or about September 28, 2021, it transmitted the entire claim file to Plaintiff's counsel, which transmission included all of the pages contained in the claim file as it existed at that time. Lincoln denies all remaining the allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln admits it sent a letter to Plaintiff dated September 19, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits it received a letter from Plaintiff's counsel dated March 18,

2022, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits it sent a letter to Plaintiff dated August 2, 2022, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits it sent a letter to Plaintiff dated August 2, 2022, but Lincoln

refers to the letter itself as the best evidence of its contents. Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits it sent a letter to Plaintiff dated August 2, 2022, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews and medical reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits it sent a letter to Plaintiff dated August 9, 2022, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. To the extent the allegations in Paragraph 36 contain legal conclusions, Lincoln is not required to respond. To the extent that the allegations contained in Paragraph 36 seek to interpret the provisions of the relevant Policy, Lincoln refers to the Policy itself as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln denies the allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and

administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

## CAUSES OF ACTON

### COUNT I
### 29 U.S.C. § 1132(a)(1)(B) - WRONGFUL DENIAL OF BENEFITS

39. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 38 of the Complaint as though fully set forth in response to Paragraph 39 of the Complaint.

40. Lincoln denies the allegations contained in Paragraph 40 of the Complaint.

41. Lincoln denies the allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln denies the allegations contained in Paragraph 44 of the Complaint.

45. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

**COUNT II**
**29 C.F.R. § 2560.501-1 – PROCEDURAL AND STATUTORY NONCOMPLIANCE**

46. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 45 of the Complaint as though fully set forth in response to Paragraph 46 of the Complaint.

47. To the extent the allegations in Paragraph 47 contain legal conclusions, Lincoln is not required to respond.

48. To the extent the allegations in Paragraph 48 contain legal conclusions, Lincoln is not required to respond.

49. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln denies the allegations contained in Paragraph 50 of the Complaint.

51. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 51 of the

Complaint.

52. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 53 of the Complaint.

## COUNT III
## 29 U.S.C. § 1132(a)(3) - BREACH OF FIDUCIARY DUTY

54. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 53 of the Complaint as though fully set forth in response to Paragraph 54 of the Complaint.

55. To the extent the allegations in Paragraph 55 contain legal conclusions, Lincoln is not required to respond.

56. To the extent the allegations in Paragraph 56 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies the allegations contained in Paragraph 56 of the Complaint.

57. To the extent the allegations in Paragraph 57 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies the allegations contained in Paragraph 57 of the Complaint.

58. Lincoln admits that Plaintiff was, at certain times, employed by Charter and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Lincoln denies the allegations contained in Paragraph 59 of the Complaint.

60. Lincoln admits that it issued the Policy to Charter, which, at certain times, insured benefits from the LTD Plan sponsored by Charter to provide benefits to certain of its employees. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 60 of the Complaint.

61. To the extent that the allegations contained in Paragraph 61 constitute legal conclusions, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Lincoln denies the allegations contained in Paragraph 62 of the Complaint.

63. Lincoln denies the allegations contained in Paragraph 63 of the Complaint.

64. Lincoln denies the allegations contained in Paragraph 64 of the Complaint.

65. Lincoln denies the allegations contained in Paragraph 65 of the Complaint.

66. Lincoln denies the allegations contained in Paragraph 66 of the Complaint.

67. Lincoln denies the allegations contained in Paragraph 67 of the Complaint.

68. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 68 of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion because the Policy contains sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Plaintiff's claim for breach of fiduciary duty and claim under Section 502(a)(3) of ERISA against Lincoln fails as a matter of law due to the availability of a claim for recovery of benefits under Section 502(a)(1)(B) of ERISA.

7. The damages, if any, claimed by Plaintiff are limited to those available under ERISA, which precludes recovery of compensatory, punitive, or damages other than recovery of benefits allegedly owed to Plaintiff.

8. Lincoln reserves the right to assert additional defenses.

**PRAYER**

WHEREFORE, having fully answered Plaintiff's Complaint, Lincoln moves this Court to dismiss Plaintiff's Complaint with prejudice, award its costs and fees expended herein and for such other and further relief as the Court deems proper.

Respectfully submitted,

By: *_/s/ Dan S. Folluo_*

Dan S. Folluo, MOBAR #66582
dfolluo@rhodesokla.com
RHODES HIERONYMUS JONES TUCKER & GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121
(918) 582-1173
(918) 592-3390 (facsimile)

ATTORNEYS FOR DEFENDANT

**CERTFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 19th day of December 2022 to be served by operation of the Court's electronic filing system upon the following:

Paul J. Taylor
ptaylor@burnettdriskill.com

Derrick A. Pearce
dpearce@burnettdriskill.com

Kyle H. Sciolaro

ksciolaro@burnettdriskill.com

*Attorneys for Plaintiff*

*/s/ Dan S. Folluo*
Dan S. Folluo