UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MATTHEW MULLIN,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | ) | Case No. 4:22-CV-00725-BP |

**JOINT PROPOSED SCHEDULING ORDER**

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, and upon consideration of the parties' views in the matter, the schedule below is hereby established.

1. Defendant will produce the administrative record on or before July 26, 2023.
2. Any motion to join additional parties shall be filed on or before June 26, 2023.
3. Any motion to amend the pleadings shall be filed on or before June 26, 2022.
4. All discovery motions shall be filed on or before July 26, 2023. As this matter is governed by ERISA, Lincoln objects to any discovery outside of the production of the administrative record.
5. Any pretrial discovery authorized by the Federal Rules of Civil Procedure and determined by the Court to be necessary and appropriate in this ERISA-governed case shall be completed (not simply submitted) on or before July 26, 2023. Accordingly, all discovery requests and depositions shall be submitted and/or scheduled prior to the date specified in this paragraph and shall allow sufficient time for completion within the time specified by the Federal Rules of Civil Procedure, the Local Court Rules, and/or orders of this Court. The Court reserves the right to exercise control over the

taking of depositions. It is Defendant's position that depositions and other discovery outside of the Administrative Record is not appropriate in this ERISA-governed mater.

**The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1. Any discovery motion filed without complying with Local Rule 37.1 will be denied. In the event that a teleconference is needed, my Courtroom Deputy/Judicial Assistant may be reached at 816-512-5063. All teleconference requests should be directed to her. A description of the discovery dispute, not to exceed one page in length, should be emailed to my Judicial Assistant at annettte_cordell@mow.uscourts.gov by movant within three hours of the teleconference. The movant is responsible for initiating the call.**

6. Telephone conferences by cell phone are discouraged. Counsel must have a clear connection without interference from background noise. Otherwise, counsel may be disconnected and considered as having failed to appear.
7. The parties do not anticipate designating expert witnesses. In the event plaintiff proposes expert testimony, the plaintiff shall designate any expert witnesses she intends to call at trial on or before May 26, 2023. Defendant does not intend to call expert witnesses, as it is defendant's position that the Court's review is limited to the Administrative Record before defendant at the time of its benefit determination. This paragraph applies to all witnesses from whom expert opinions will be elicited, regardless of whether the witness was specially retained to provide trial testimony.
8. The parties do not anticipate testimony from treating physicians. It is defendant's position that the Court's review is limited to the Administrative Record before defendant at the time of its benefit determination and that, as a result, testimony from

treating physicians is inadmissible. However, with respect to any treating physicians who are permitted to testify, over Defendant's objection, as to treatment provided, the requirements of paragraph 7 of this Order may be satisfied by providing a copy of all the treating physician's files, records and notes relating to the treating physician's patient to the opposing party. For the purpose of this paragraph, a "treating physician" is a doctor (including psychiatrist, dentist or other practitioner of the healing arts) retained by a party prior to retaining counsel in this matter. A treating physician will not be allowed to give expert testimony beyond the treatment provided by said physician unless designated as an expert as required under paragraph 6 of this Order. A treating physician who will provide expert testimony beyond the treatment provided by said physician must further comply with the requirements of paragraph 7 of this Order.

9. All dispositive motions, except those under Rule 12(h)(2) or (3), shall be filed on or before August 26, 2023. All dispositive motions shall have a separate section wherein each statement of fact is individually numbered so that any party opposing such motion may refer specifically to a genuine issue of material fact. Suggestions in opposition to a dispositive motion shall begin with a concise listing of material facts as to which the party contends a genuine dispute exists. All motions for summary judgment shall comply with Local Rules 7.1 or .2 and 56.1.

10. All motions for extension of time pursuant to Rule 6(b) or Rules 31, 33, 34, and 36 must state:

    a. The date when the pleading, response, or other action is/was first due;
    b. The number of previous extensions and the date the last extension expires;

c. The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

d. Whether the requested extension is approved or opposed by opposing counsel (agreement of counsel of a requested extension is not binding on the Court).

11. Defendant anticipates that this case will be disposed of on cross-motions for summary judgment, without a trial. If the Court determines that a trial is needed, a final pretrial conference in this case will be held at _____ a.m./p.m., on _____________, via telephone conference initiated by plaintiff's counsel; the Court's telephone number is 816-512-5380. Lead trial counsel shall participate in this conference. The agenda for this conference will include:

a. Identification of facts not in dispute to which the parties will stipulate, in order to save trial time;

b. Identification of legal and factual issues to be tried;

c. Disposition of pending motions;

d. Discussion of any legal questions which must be resolved prior to trial;

e. Discussion of any suggestions by counsel to simplify and expedite the trial; and

f. Discussion of the status and likely success of settlement negotiations.

12. The following documents shall be filed prior to the pretrial conference:

a. Motions in limine shall be filed at least ten (10) days prior to the pretrial conference. Responses to motions in limine shall be filed at least three (3) days prior to the pretrial conference.

b. At least three (3) days prior to the date the pretrial conference is to be held, the parties shall file a stipulation of any uncontroverted facts. If no stipulated facts can be agreed upon, including facts related to the Court's subject matter jurisdiction, the parties shall file a joint statement to that effect. Notwithstanding the fact that the time for discovery will have closed, a request to stipulate, if preserved in the record, will constitute a request for admission under Rule 36 and failure to stipulate may be subject to sanctions under Rule 37(c). 5

c. At least three (3) days prior to the date the pretrial conference is to be held, the parties shall file a stipulation as to the admissibility of evidence, when the identification and foundation of the exhibit is not to be contested. Notwithstanding the fact that the time for discovery will have closed, a request to stipulate, if preserved in the record, will constitute a request for admission under Rule 36 and failure to stipulate may be subject to sanctions under Rule 37(c).

d. Pursuant to Local Rule 39.1, at least three (3) days prior to the date the pretrial conference is to be held, each party shall file and serve a list of all witnesses who may be called at trial. If a witness is not listed by a party, that witness will not be permitted to testify absent leave of Court and then only for the purpose of unanticipated rebuttal or impeachment. After the time for filing lists of witnesses has expired, no supplemental or amended list will be filed without leave of Court and for good cause.

e. Pursuant to Local Rule 39.1, at least three (3) days prior to the date the pretrial conference is to be held, that party will file and serve a list of all exhibits which may be offered at trial. The parties shall additionally prepare and provide to the courtroom deputy an exhibit index, with said index being prepared on a form that is available on the Court's website at http://www.mow.uscourts.gov. Each exhibit will be designated as either "Plaintiff's" or "Defendant's," numbered with an Arabic numeral and described following the enumeration. If an exhibit consists of more than one (1) page or part, the number of pages or parts shall be included in the description. The exhibit number must be marked on each exhibit at the time of listing. It is not necessary to list exhibits to be used only for rebuttal purposes. Except by leave of Court for good cause, no exhibit will be received in evidence which is not listed by the counsel offering the exhibit. After the time for filing lists of exhibits has expired, no supplemental or amended list of exhibits will be filed without leave of Court for good cause.

f. Ten (10) days before the date the pretrial conference is to be held, each party asserting an affirmative claim or claims for relief (plaintiff, third party plaintiff, counterclaiming defendant, etc.), shall file and serve a designation, by page and line number, of any deposition testimony to be offered in evidence as a part of that party's case.

g. At least five (5) days prior to the date the pretrial conference is to be held, each party defending against an affirmative claim for relief shall file and serve:

i. Any objections to proposed deposition testimony designated by any other party;

ii. A designation, by page and line number, of any deposition testimony to be offered as cross-examination to deposition testimony designated by other parties; and

iii. A designation, by page and line number, of any deposition testimony to be offered in evidence as part of that party's case-in chief in connection with such defense.

h. On or before the date the pretrial conference is to be held, each party shall serve, file and deliver to all other parties its objections to any deposition testimony designated pursuant to subparagraphs g. ii. and iii. above.

13. The following documents shall be filed prior to trial:

a. At least five (5) days prior to the date of the trial, counsel for each party may file a trial brief stating the factual and legal contentions for the party for whom the trial brief is filed.

b. At least five (5) days prior to the date of trial, counsel for each party are required to file proposed findings of fact and conclusions of law. Parties shall also submit computer discs containing their proposed findings of fact and conclusions of law. A courtesy copy of the proposed findings of fact and conclusions of law shall be emailed to my Judicial assistant,

**annettte_cordell@mow.uscourts.gov** in Microsoft Word or compatible software format at the time of filing.

IT IS SO ORDERED.

Respectfully submitted,


**BURNETTDRISKILL, Attorneys**

By: */s/ Derrick A. Pearce*
Derrick A. Pearce, MO #42793
Kyle H. Sciolaro, MO #64568
Paul J. Taylor, MO #72159
BurnettDriskill, Attorneys
103 W. 26th Ave., Ste. 290
North Kansas City, MO 64119
P: (816) 781-4836
F: (816) 792-3634
ksciolaro@burnettdriskill.com
dpearce@burnettdriskill.com
ptaylor@burnettdriskill.com
ATTORNEYS FOR PLAINTIFF

**Rhodes, Hieronymus, Jones, Tucker & Gable**

By: /s/ *Dan S Follou*
Dan S Follou, MO #66582
P.O. Box 21100
Tulsa, OK 73121-1100
Telephone: (918) 582-1173
Facsimile: (918) 592-3390
dfollou@rhodsokla.com
ATTORNEYS FOR DEFENDANT